# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **INDICTMENT** |
| | ) | **NO. CR418-00260-RSB-JEG** |
| **KENNETH JENKS** | ) | |
| | ) | |

### MOTION TO SEVER DEFENDANTS FOR TRIAL

**COMES NOW, KENNETH JENKS, and** moves the Court for an Order severing the case against the said co-defendant(s) named in the above captioned action because:

1. A joint trial of the defendants will create confusion of the evidence and law as it is applicable to each, individual defendant.

2. There is a danger that evidence admissible against one defendant will be considered against another despite an admonitory precaution of the court.  Further, there are over 40 co-defendants and it stands to reason that some gave statements to law enforcement that not only incriminates themselves but,  may also incriminate Mr. Jenks. Mr. Jenks gave no such incriminatory statement. Trying said co-defendant's together would allow a co-defendant's statement to be improperly used against Longoria.  **See O.C.G.A. ' 24-3-52.  See also Bruton vs. U.S., 391 U.S. 123 88 S. Ct. 1620, 20 L. Ed. 2d 476(1968)**.

3. The defenses of the defendants are antagonistic to each other and/or to each other's rights, especially Ronald A. Smith.

4. If this defendant and the co-defendant(s) are tried together before the same court and jury, should one refuse to testify when called, and the other testifies, serious questions concerning the constitutional rights of the testifying defendant would arise, and inferences of guilt against such non-

testifying defendant would certainly be drawn by the jury. A similar question may arise should an attorney for one of the defendants call the other defendant(s) to the stand to testify. **See Washington vs. Texas, 388 U.S. 14, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967). See also 5th Amendment to U.S. Constitution**.

5. The defendant as well as his co-defendant(s) will obtain a fairer and more impartial trial if this defendant is tried alone.

6. This motion is based on the papers, records, and pleadings on file in this action and such oral and documentary evidence as may be introduced at the hearing on this motion.

**WHEREFORE DEFENDANT PRAYS:**

**A)** That the Court grant this Motion for Severance and allow the Defendants to be tried separately;

**B)** For such further relief as the Court deems just and proper.

This 20TH day of FEBRUARY**, 2019**.

*S/S Martin G. Hilliard*

**MARTIN G. HILLIARD**
**Attorney For Defendant**
**Ga. Bar # 354850**

**223 West York Street**
**Savannah, Ga. 31401**
**Phone: (912) 358-0083**
**Fax # (912) 232-4107**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the above and foregoing **PLEADING** was served on:

GREG GILULLY
**Assistant United States Attorney**
**U.S. Attorneys Office**
**100 Bull Street**
**Savannah, Georgia 31401**

**Honorable R. STAN BAKER**
**Magistrate Judge, United States District Court**
**Southern District of Georgia**

Kenneth Jenks
Emmanuel County Jail

[ ]   **By Hand Delivery, or**   [ X ]   **By United States mail  [X] by ECF**.

This 20TH day of FEBRUARY**, 2019**.

*S/S Martin G. Hilliard*

**MARTIN G. HILLIARD**
**Attorney For Defendant**
**Ga. Bar # 354850**

**223 West York Street**
**Savannah, Ga. 31401**
**Phone: (912) 358-0083**
**Fax # (912) 232-4107**