# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-260 |
| | ) | |
| KENNETH JENKS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Kenneth Jenks was allowed to file an out-of-time motion to suppress statements he made to law enforcement. Doc. 656. Defense counsel has informed the Court that he wishes to have the motion resolved on the briefs and that neither oral argument nor an evidentiary hearing are necessary. *See* doc. 662. For the reasons explained below, defendant's motion should be denied.

Jenks' brief succinctly summarizes the issue presented as: "whether the defendant's Sixth Amendment right to counsel was violated when [f]ederal investigators elicited a confession 49 minutes prior to his arraignment but 10 days after [the arraignment] of his codefendants." Doc. 652 at 1. The Government, generally, does not dispute the facts

presented in defendant's brief,[1] so the Court will rely on its recitation. Jenks was indicted on various drug charges on November 8, 2018. *Id.* at 2-3.  He was scheduled to be arraigned, and several of his co-defendants were arraigned, on November 16, 2018. *Id.* at 3.  Jenks was not arraigned until November 26, 2018. *Id.*  Shortly before his arraignment, he made incriminating statements to investigators.  *Id.*; *see also* doc. 652-1 (Investigator's report, redacted).

Jenks argues that his right to counsel during questioning, afforded by the Constitution's Sixth Amendment, was violated when he was questioned without his attorney and before his arraignment.  Doc. 652 at 4.  Relying principally on *Missouri v. Frye*, Jenks argues that his right to counsel had attached upon his indictment.  *See id.* at 4-5 (*citing Missouri v. Frye*, 566 U.S. 134 (2012)).  He is certainly correct that a Sixth-Amendment right to counsel *exists* during "postindictment interrogations." *Missouri*, 566 U.S. at 140 (explaining that "[i]t is well

---

[1]  Although the Government does not substantively dispute Jenks' account, it does clarify that his co-defendants were not arraigned on November 16, 2018, rather, they were brought before the Court for their "Initial Appearances," pursuant to Fed. R. Crim. P. 5.  *See* doc. 655 at 2.  The Government does not dispute that Jenks was interviewed by federal law enforcement before his November 26, 2018 arraignment. *Id.* at 3.  Since the exact chronology of the proceedings is not relevant to the analysis, the discrepancy is moot.

settled that the right to the effective assistance of counsel applies to certain . . . 'critical' stages of . . . criminal proceedings," including "postindictment interrogations" (citations omitted)).  The existence of Jenks' right to counsel at the time he made the incriminating statements does not, however, end the inquiry.

Jenks' motion is ambiguous about the immediate circumstances of his statements.  He concedes that he "confessed after he ostensibly waived his Sixth Amendment right to counsel," but he is not explicit on the facts suggesting such a waiver.  *See* doc. 652 at 5.  The nature of the "ostensible" waiver is indicated by his contention that "a waiver under *Miranda* is insufficient for an offense-specific confession to be admissible under these facts."  *Id.*  Although, Jenks' presentation of the issue is not crystal clear, the Court infers that he does not contest the Government's contention that the incriminating statements were made during a "mirandized custodial interview."  Doc. 655 at 4.  The more specific question posed by Jenks' motion, then, is whether recitation of his *Miranda* rights, and his

uncoerced statement despite that recitation, amounts to an effective waiver of his right to counsel.[2]

> Jenks argues , without any citation to any evidence, that he
>
> was not aware of his Sixth Amendment right to counsel.  Nor was he aware that he would confer with the attorney appointed to represent him in less than one hour.  *No rational actor would confess or otherwise incriminate himself under these circumstances.*

Doc. 652 at 6 (emphasis added).  The most charitable construction of Jenks' contention is that any apparent waiver of his rights was not knowing or voluntary because, under the circumstances, such a waiver was irrational. Without acceding to defendant's invitation to psychological speculation, a defendant who concedes that he was informed of his rights, and who does not allege any fact even suggesting coercive pressure, has waived those rights.   Whether that waiver appears "rational" to subsequent scrutiny has no bearing on the question at all.

---

[2]  The Government has proffered an audio recording of Jenks' interview.  *See* doc. 655 at 3 (referring to the recording as Exhibit 1); *see also* doc. 662 (defendant's "consent[] to *delivery* by the Government of the audio recording at issue." (emphasis added)). Given that Jenks has not consented to the recording being *admitted* as evidence, and the lack of adequate foundation for its admission, *see, e.g.,* Fed. R. Evid. 901(a), (b)(5), the Court has not considered its contents in resolving the motion.  It has relied exclusively on facts asserted, explicitly or implicitly, in Jenks' own brief.

The Supreme Court confronted an argument virtually identical to Jenks' in *Paterson v. Illinois*, which the Government cites. *See* doc. 655 at 4-5 (*citing* 487 U.S. 285 (1988)). There, the court considered, and rejected, the argument that "the warnings he received, while adequate for the purposes of protecting his *Fifth* Amendment rights as guaranteed by *Miranda*, did not adequately inform him of his *Sixth* Amendment right to counsel." *Patterson*, 487 U.S. at 289. As the Court explained, [i]f an accused 'knowingly and intelligently' [elects to face law enforcement questioning without the aid of counsel], we see no reason why the uncounseled statements he then makes must be excluded at his trial." *Id.* at 291. The Court continued: "'Indeed, it seems *self-evident* that one who is told he' has such rights to counsel [by recitation of *Miranda* warnings] 'is in a curious posture to later complain' that his waiver of those rights was unknowing." *Id.* at 293 (*quoting United States v. Washington*, 431 U.S. 181, 188 (1977)) (emphasis added). If law enforcement provides *Miranda* warnings, and the recipient "nonetheless lacked 'a full and complete appreciation of all of the consequences flowing' from his waiver, it does not defeat the [Government's] showing that the information it provided to him satisfied the constitutional minimum." *Id.* at 294. The

5

Court concluded, "[s]o long as the accused is made aware of the 'dangers and disadvantages of self-representation' during postindictment questioning, by the use of the *Miranda* warnings, his waiver of his Sixth Amendment right to counsel at such questioning is 'knowing and intelligent.'"  *Id.* at 299.  A clearer (and more authoritative) repudiation of Jenks' argument is difficult to conceive.

The implicit argument that courts are required (or, indeed, even authorized) to engage in *ex post facto* evaluation of the "rationality" of a defendant's conduct is belied by *Colorado v. Connelly*, 479 U.S. 157 (1986). The *Connelly* court was confronted by an apparently voluntary, but utterly irrational, confession.  *Id.* at 160.  Indeed, Connelly presented affirmative evidence supporting his contention that his confession was motivated by his mental illness—a delusion that he was following "the 'voice of God.'" *Id.* at 161.  Despite that evidence, the Court concluded "[o]nly if we were to establish a brand new constitutional right—the right of a criminal defendant to confess to his crime only when totally rational and properly motivated—could [the suppression] claim be sustained."  *Id.* at 166.  This it declined to do.  *Id.* at 167.  This Court is no more inclined, and certainly no more empowered, to create such a right.

6

Accordingly, Jenks' motion to suppress the statements he made to law enforcement prior to his arraignment should be **DENIED**. Doc. 652. Given Jenks' concession, albeit implicit, that he was mirandized, and absent any indication that he failed to hear and understand the recitation of his rights, and any indication that his waiver of those rights—including his right to counsel—was the result of coercion, there is *no* basis to suppress his statements.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

7

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>9th</u> day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA